392 F.Supp. 60 (1974)
Elmer J. MATYI, Plaintiff,
v.
BEER BOTTLERS UNION LOCAL NUMBER 1187 and Falstaff Brewing Corporation, Defendants.
No. 74-682 C (4).
United States District Court, E. D. Missouri, E. D.
November 27, 1974.
Memorandum and Order December 31, 1974.
*61 James F. Koester, St. Louis, Mo., for plaintiff.
Jerome M. McLaughlin and James S. McClellan, St. Louis, Mo., for Falstaff.
Joe H. Goffstein, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for Beer Bottlers Local Union No. 1187.

ORDER
NANGLE, District Judge.
It is hereby ordered that the motion of defendant Falstaff Brewing Corporation to dismiss be and is granted for the reason that suit was not commenced within ninety (90) days of plaintiff's receipt of his notice of his right to sue, 42 U.S.C. § 2000e-5(f) (1); and
It is further ordered that the motion of defendant Beer Bottlers Union Local No. 187 for summary judgment be and is granted for the reason that plaintiff's claim against this defendant herein is not reasonably related to the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission; and, therefore,
It is further ordered that this action be and is dismissed.

MEMORANDUM AND ORDER
This matter is before the Court on the Application for Allowance of Attorneys' Fees of defendant Beer Bottlers Union Local No. 1187. On November 27, 1974 this Court granted summary judgment in favor of defendant Local 1187 for the reason that plaintiff's claim against this defendant was not reasonably related to the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission. In his charge with the E. E. O. C. plaintiff alleged he had been discriminated against on the basis of his religion (Catholic) and his national origin (Hungarian). In his complaint in the instant case he alleged discrimination based on his race (Caucasian).
Prior to instituting this suit plaintiff had filed charges of illegal discrimination with the National Labor Relations Board, the Missouri Commission on Human Rights and the E. E. O. C. Each of these agencies determined that the respective charges filed by plaintiff were without merit. With this background, defendant applied for an allowance of attorneys' fees pursuant to 42 U.S.C. Section 2000e-5(k) which provides:
"In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."
This statute plainly allows a Court to award attorney's fees to prevailing defendants and while the Court is aware of authority disallowing applications by prevailing defendants for attorney's fees in other Title VII cases, the Court, on the record before it, will grant attorney's fees to defendant in the amount of Three Hundred Fifty Dollars ($350.00).
Therefore, it is hereby ordered that the Application for Allowance of Attorney's Fees of defendant Beer Bottlers Union Local No. 1187 be granted in the amount of Three Hundred Fifty Dollars and no cents ($350.00).