407 F.Supp. 1272 (1975)
Thomas E. ROBINSON, Plaintiff,
v.
KMOX-TV, CBS TELEVISION STATION, a Division of Columbia Broadcasting System, Defendant.
No. 75-398C(3).
United States District Court, E. D. Missouri, E. D.
September 18, 1975.
*1273 Gerald Nadler, St. Louis, Mo., for plaintiff.
D. J. Sullivan and Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon the motion of the defendant for award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).
The facts in this case indicate that the present lawsuit was filed by the plaintiff on April 29th of this year. The case was set for trial on August 25, 1975, by an Order of this Court dated the 20th day of June, 1975, which stated certain pretrial procedures to be followed by the parties. As defendant's five-page motion (which is incorporated and made a part of this Memorandum and Order) states, every effort was made to accommodate plaintiff and his counsel in the preparation for this trial, including voluntary shortening of time for discovery. Despite repeated attempts by the defendant to reach an agreement as to pre-trial stipulations as required in the Court's pre-trial order, plaintiff failed to comply with the Court's Order.
On Friday, August 22, 1975, three days before trial, the plaintiff requested a continuance on the grounds that discovery had not been completed on the part of the plaintiff. The motion for a continuance was denied. Plaintiff announced upon the call of the docket on August 25, 1975, that he was not ready. Defendant announced it was ready and the Court thereupon dismissed the suit for lack of prosecution.
Section 2000e-5(k) provides:
In any action or proceeding under this sub-chapter the court, in its discretion, may allow the prevailing party, other than the commission or the United States, a reasonable attorney's fee as part of the costs, and the commission or the United States shall be liable for costs the same as a private person.
Since the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., is essentially equitable in nature, this Court is governed by the ancient principles of conscience inherent in its equitable powers. To routinely allow attorney's fees for the defendant in actions such as the one presently at bar would have a chilling effect upon those persons who wished to enforce their rights. Discrimination suits would then be discouraged except in all but the clearest cases. U. S. Steel Corp. v. U. S., 519 F.2d 359, 10 F.E.P. Cases, 1107, 1109 (3rd Cir., 1975). The encouragement of assertion of rights through the use of the courts by the awarding of attorney's fees primarily to a prevailing plaintiff has been repeatedly upheld by the Supreme Court. Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); and Alyeska Pipeline v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, 43 L.W. 4561, 4568 (1975).
However, defendant must also be free from harassment and vexatious lawsuits, or the courts would become a mockery of what they are to be. Criteria to be used in determining whether or not attorney's fees should be allowed *1274 against a plaintiff in a Title VII action are: (1) the conduct of the plaintiff and (2) whether or not there was vexatiousness, bad faith, abusive conduct or an attempt to harass or embarrass. U. S. Steel Corp., supra; Miller v. International Paper Co., 408 F.2d 283 (5th Cir., 1969); Richardson v. Hotel Corporation of America, 332 F.Supp. 519, (E.D. La.,1971), aff'd 468 F.2d 951 (5th Cir., 1971).
A careful examination of the facts in this case shows that plaintiff's conduct was vexatious to a point of obstruction. The record is clear that defendant did everything possible to expedite this lawsuit and to cooperate with the plaintiff so that the plaintiff would have a prompt adjudication of his claim. The actions of the plaintiff in failing to pursue discovery after defendant had voluntarily waived the time limits stated in the Federal Rules of Civil Procedure and produced within a short period of time items of discovery which plaintiff had requested are but one example of plaintiff's vexatious conduct in this matter.
It is clear that a defendant may recover attorney's fees in a Title VII action under § 2000e-5(k). E.E.O.C. v. MacMillan Bloedel, Inc., 503 F.2d 1086 (6th Cir., 1974); and Van Hoomissen v. Xerox Corp., 503 F.2d 1131 (9th Cir., 1974). This Court is well aware of the rationale for not allowing attorney's fees to a defendant, but feels that in the present case the award of such attorney's fees is warranted. Matyi v. Beer Bottlers Union Local 1187, 392 F.Supp. 60 (E.D.Mo., 1974).
The defendant has prayed for an award of Twenty-Five Hundred Dollars ($2,500.00). The Court is of the opinion that such an amount would be clearly excessive. In consequence,
It is hereby ordered that the motion of the defendant for an award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) be and is granted; and
It is further ordered that the plaintiff shall pay attorney's fees in the amount of Two Hundred and Fifty Dollars ($250.00) to the defendant.