Lawrence D. LAMONT et al., Plaintiffs,

v.

FORMAN BROTHERS, INC., Defendant.

Civ. A. No. 75–0274.

United States District Court, District of Columbia.

Jan. 7, 1976.

Samuel Intrater, Washington, D. C., for plaintiffs.

Stephen B. Forman, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This employment discrimination suit came on for hearing on defendant's mo-

tion to dismiss or for summary judgment. Consideration of the memoranda, exhibits, and the oral arguments of the parties persuades the Court that the existence of material issues of fact precludes dismissal of some of plaintiffs' claims, but that other claims must be dismissed for lack of jurisdiction or for failure to state a claim.

## FACTUAL SUMMARY

The complaint, memoranda and exhibits proffered to the Court, and the oral arguments made in support of and opposition to this motion establish the following facts relevant to the instant claims of employment discrimination. The two plaintiffs, Mr. Tapscott and Mr. Lamont, are black males who were employed by defendant for a period of time prior to May 11, 1973. Defendant Forman Bros. is a District of Columbia corporation engaged in the wholesale distribution of wines and spirits in the District. On May 11, 1973, defendant fired both Tapscott and Lamont from their respective positions as night warehouse manager and warehouse manager.

Tapscott filed a charge of employment discrimination with the Equal Employment Opportunity Commission. (EEOC) on May 22, 1973, obliquely alleging that defendant had fired him because of his race.[1] The EEOC mailed a Notice of the Charge to defendant on July 26, 1973.[2] Mr. Lamont filed his discrimination charge with the District of Columbia Office of Human Rights (DCOHR) on or about May 17, 1973.[3] According to a letter filed with the Court after argu-

ment of this motion,[4] the EEOC and DCOHR had an "understanding" in 1973, pursuant to which DCOHR was supposed to make sure that all discrimination charges filed with the DCOHR were set forth on an EEOC charge form. DCOHR was also supposed to forward the charges promptly to the EEOC. In Mr. Lamont's case, however, DCOHR did not forward the charge to EEOC until December 13, 1974, approximately one and one-half years after the allegedly discriminatory incident took place. Upon receipt of Mr. Lamont's charge, the EEOC promptly sent defendant a Notice of the Charge on December 18, 1974.[5] On January 14 and 20, 1975, the EEOC sent Messrs. Tapscott and Lamont, respectively, Notices of Right to Sue on their discrimination complaints in federal court.[6] Plaintiffs then filed their suit on February 28, 1975.

## MERITS OF THE MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant seeks dismissal or summary judgment on each of the many statutorily based claims asserted in plaintiffs' complaint. The complaint purports to seek redress of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1970); the Thirteenth Amendment and 42 U.S.C. § 1981 (1970); the Fourteenth Amendment and 42 U.S.C. § 1983 (1970); 42 U.S.C. § 1985 (1970); 42 U.S.C. § 1988 (1970); the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* (1970); and the Equal Pay Act, 29 U.S.C. § 201 *et seq.*,

---

1. In his EEOC complaint Mr. Tapscott stated his charge of employment discrimination in these words:

 I was terminated for reason [sic] unknown and replace [sic] by a white man. They also removed a day manager who is also black and replace [sic] by a white man. His name is Laurence Lamont, and he file [sic] his claim at 14th and E St. N.W. Humane [sic] Resources.

 *See* Defendant's Memorandum, Exhibit A.

2. See *id.*

3. See letter dated November 19, 1975, to Albert Brick, Esq., from William Schukar, Deferral Coordinator, Washington District Office of EEOC.

4. See *id.*

5. See Defendant's Memorandum, Exhibit C.

6. See Defendant's Memorandum, Exhibits B and D. The covering letters that accompanied the Notices of Right to Sue indicate that the EEOC issued the Notices at plaintiffs' request. *See id.*

as amended by 29 U.S.C. § 206(d) (1970).[7] The complaint invokes the Court's jurisdiction pursuant to all of the aforementioned statutes, plus 28 U.S.C. § 1343 (1970), which grants jurisdiction over civil rights actions. Defendant contends that these statutes either do not vest the Court with jurisdiction over plaintiffs' claims, or that plaintiffs' complaint does not state a claim for relief based on the cited statutes. The Court will consider in turn the arguments relevant to each statutory basis of the claims. Preliminarily, however, the sufficiency of the factual allegations of the complaint must be determined.

### A. Claims Sufficiently Stated by the Complaint.

The plaintiffs' complaint sets forth very few nonconclusory facts relevant to the alleged incidents of discrimination. Specifically, paragraphs 3 and 10 state that plaintiffs are black male adult citizens of the United States, residents of the District of Columbia, and that plaintiffs were formerly employed by defendant as warehouse manager (Lamont) and night manager (Tapscott). The complaint further states that plaintiffs timely filed with the EEOC charges of employment discrimination, and that plaintiffs received Notices of Right to Sue on January 21, 1975. The only allegation of a specific incident of discrimination is the statement that defendant wrongfully discharged plaintiffs because of their race.

■ On the basis of these few factual allegations, plaintiffs have asserted that defendant has discriminated against them and other employees on the basis of every characteristic mentioned in Title VII, namely, race, color, religion, sex, and national origin.[8] Plaintiffs have not identified their religion or national origin in the complaint, nor have they described any instance of discrimination based on religion, national origin or sex. Mere allegations of systematic discrimination based on these characteristics do not suffice to state a claim under Federal Rules of Civil Procedure 8(a).[9] Accordingly, the claims of discrimination based on factors other than race or color will be dismissed.

### B. Title VII Claims.

Defendant urges dismissal of Mr. Lamont's Title VII claim on the grounds that he failed to file a timely charge of discrimination with the EEOC as required by § 706(e) of Title VII.[10] Defendant also bases a challenge to this Court's jurisdiction over both plaintiffs' Title VII claims on the grounds that the EEOC took no steps toward investigation or conciliation of plaintiffs' charges

---

**7.** Despite the variety of alleged statutory bases for the claims, the portion of the complaint entitled "Statement of Claim" alleges only that plaintiffs' Title VII rights were violated. The Court will nonetheless discuss the sufficiency of plaintiffs' claims based on each of the cited statutes, since the portion of the complaint entitled "Prayer for Relief" requests relief based on each of those statutes.

**8.** See 42 U.S.C. § 2000e–2(a) (1970).

**9.** See *Ogletree v. McNamara,* 449 F.2d 93, 98 (6th Cir. 1971); *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288, 293–94 (C.D. Cal.1970); *Mutry v. Kroger Corp.,* 11 F.E.P. Cases 252, 253 (E.D.Mich.1975).

**10.** 42 U.S.C. § 2000e–5(e) (Supp. III 1973). That section provides:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Defendant does not challenge the timeliness of Mr. Tapscott's EEOC charge.

**916**

before issuing to the plaintiffs their Notices of Right to Sue. Finally, defendant contends that Title VII does not permit plaintiffs to raise in this suit as Title VII claims any issues or charges that were not raised in plaintiffs' EEOC complaints, and that the plaintiffs' Title VII claims of discrimination based on sex, religion, or national origin must therefore be dismissed.

. 1. *Timeliness of Lamont's EEOC Charge.*

■ The Court agrees with defendant's contention that timely filing of a discrimination charge with the EEOC is a jurisdictional prerequisite to maintenance of a Title VII suit in district court, and that the Court must make its own determination of its jurisdiction over Title VII claims rather than relying on the EEOC's issuance of a Notice of Right to Sue as conclusively establishing the Court's jurisdiction.[11] The Court must nonetheless deny defendant's motion to dismiss insofar as it relies on the alleged untimeliness · of Mr. Lamont's EEOC complaint, for defendant has failed to prove that the filing was in fact untimely.

Section 706(e) of Title VII required in this case that Mr. Lamont file his charge with the EEOC within 180 days after the date when he was fired (May 11, 1973), or within 300 days after the date he was fired if he first instituted proceedings with an appropriate state or local agency.[12] Although the EEOC apparently did not receive Mr. Lamont's charge at the EEOC's offices until approximately one and one-half years after

May 11, 1973, defendant has failed to convince the Court that Mr. Lamont's filing of his charge with the D.C. Office of Human Rights four days after he was fired did not amount to filing the charge with the EEOC.

In ruling on a motion to dismiss the Court must consider the allegations of the complaint in the light most favorable to the plaintiff. Accordingly, the Court for the purposes of the motion concludes that the letter from Mr. Schukar of the EEOC indicates that the DCOHR may have been authorized to act as EEOC's agent for purposes of receiving Title VII charges, and that the DCOHR may have caused Mr. Lamont to believe that filing the charge with DCOHR substituted for filing with the EEOC. Although the Court does not consider Mr. Schukar's letter conclusive evidence of timely filing or of the circumstances and dates relevant to Mr. Lamont's filing of his EEOC charge, the letter does create a material issue of fact as to the timeliness of Mr. Lamont's EEOC charge.

Courts have liberally construed the filing requirements of Title VII, especially in cases where filing irregularities arose in connection with deferral by the EEOC to state agencies,[13] as apparently occurred in this case. Mr. Lamont should not suffer dismissal of his Title VII claim if he was misled by DCOHR or if filing with DCOHR amounted to filing with the EEOC according to the established procedures of those agencies.[14] The motion to dismiss or grant summary judgment on Mr. Lamont's Title VII claim on this ground will therefore be denied.[15]

---

**11.** See *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979, 985 (1973).

**12.** See footnote 10 *supra.*

**13.** See *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Vigil v. A. T. & T. Co.,* 455 F.2d 1222 (10th Cir. 1972); *Payne v. Ford Motor Co.,* 334 F.Supp. 172, 176–77 (E.D.Mo.1971), *rev'd on other grounds,* 461 F.2d 1107 (8th Cir. 1972); *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288, 291 (C.D.Cal.1970).

**14.** The Court finds no merit, however, in Lamont's contention that Mr. Tapscott's reference to Mr. Lamont in the charge Tapscott filed with the EEOC amounted to a "constructive filing" by Mr. Lamont. See footnote 1 *supra.*

**15.** Because the Court holds infra that Lamont may pursue his § 1981 claim regardless of non-compliance with Title VII procedures, dismissal of the Title VII claim would have little practical effect in this case. The advantages of the Title VII claim over the § 1981 claim are specified, however, in *Johnson v. Railway Express Agency,* 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295, 301 (1975).

**2.** *EEOC's Failure to Investigate the Charges.*

As noted by the D.C. Circuit in *Macklin v. Spector Freight Systems, Inc.*,[16] "actual conciliation efforts by the EEOC . . . have not been required as a condition precedent to subsequent court suits under Title VII." [17] Defendant nonetheless urges the Court to construe § 706(b) and (f)(1) of Title VII [18] to bar the filing of a Title VII suit if the EEOC has not at least investigated the charge prior to issuance of the right to sue notice. Defendant has failed to convince the Court that the arguments in favor of treating investigations by the EEOC as a jurisdictional prerequisite may be distinguished from the arguments that several circuit courts have rejected in refusing to treat EEOC conciliation efforts as a prerequisite to district court jurisdiction.[19] Accordingly, the motion to dismiss the Title VII claims on this ground will be denied.

**3.** *Claims Not Included in the Parties' EEOC Charges of Discrimination.*

This Court has previously followed *Sanchez v. Standard Brands, Inc.*[20] in holding that the scope of a Title VII complaint in a court action may not exceed the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination that was filed with the EEOC.[21] Application of this principle to the present case would require dismissal of Mr. Tapscott's Title VII claims of discrimination based on religion, sex, and national origin even if those claims had been stated with sufficient specificity to satisfy Rule 8(a). Mr. Tapscott's EEOC charge [22] states only that he and Mr. Lamont were terminated and replaced by white men. This allegation provides no basis whatsoever for claims of discrimination based on factors other than race or color. Accordingly, the Court's lack of jurisdiction over Mr. Tapscott's Title VII claims of discrimination based on the additional factors provides a second ground for dismissal of those claims.

Defendant has failed to make a showing, however, that the Court lacks jurisdiction for the same reason over any of Mr. Lamont's Title VII claims, for defendant has not filed a copy of Mr. Lamont's EEOC complaint.[23]

**C.** *Claims Based on 42 U.S.C. § 1981.*

The Supreme Court has recently noted with approval, in *Johnson v. Railway Express Agency, Inc.*,[24] the holding of many circuit court cases to the effect that "the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action." [25] The approval of these holdings in *Johnson* would, in the case at bar, preclude dismissal of the plaintiffs' racial discrimination claims based on 42 U.S.C. § 1981, even if the plaintiffs had failed to ex-

---

**16.** 156 U.S.App.D.C. 69, 478 F.2d 979 (1973).

**17.** *Id.* at 986 n. 12. See also *Gamble v. Birmingham Southern RR. Co.*, 514 F.2d 678, 688–89 (5th Cir. 1975); *Miller v. International Paper Co.*, 408 F.2d 283 (5th Cir. 1969); *Johnson v. Seaboard Air Line R. R. Co.*, 405 F.2d 645 (4th Cir. 1968), *cert. denied*, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969).

**18.** 42 U.S.C. § 2000e–5(b), (f)(1) (Supp. III 1973).

**19.** See cases cited *supra*, note 17.

**20.** 431 F.2d 455, 456 (5th Cir. 1970).

**21.** See *Kinsey v. Legg, Mason & Co., Inc.*, 60 F.R.D. 91 (D.D.C.1973); cf. *Macklin v. Spector Freight Systems, Inc.*, 156 U.S.App.D.C. 69, 478 F.2d 979, 988 (1973).

**22.** See footnote 1 *supra.*

**23.** Nonetheless, as stated *supra*, neither Mr. Lamont's nor Mr. Tapscott's complaint has stated sufficient claims of discrimination based on religion, sex, or national origin, so those claims must be dismissed in any event.

**24.** 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

**25.** *Id.* at 460, 95 S.Ct. at 1720, 44 L.Ed.2d at 302; see also *Long v. Ford Motor Co.*, 496 F.2d 500, 503–04 (6th Cir. 1974); *Caldwell v. National Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971), *cert. denied*, 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785 (1972); *Young v. International Tel. & Tel. Co.*, 438 F.2d 757, 761–63 (3d Cir. 1971).

haust the administrative remedies afforded them by Title VII. Accordingly, if defendant ultimately proves in this action that Mr. Lamont's Title VII charge was untimely filed with the EEOC, and that this Court therefore lacks jurisdiction over Mr. Lamont's Title VII claims, Mr. Lamont will nonetheless be entitled to proceed with his § 1981 claim.[26] Defendant's motion to dismiss the § 1981 claims in the event of a finding of failure to exhaust Title VII remedies must therefore be denied.

 Defendant contends also that issues not raised before the EEOC may not be raised in a § 1981 complaint. The Court must reject this argument on the authority of *Johnson*, for the Supreme Court emphasized in that case the complete "independence of the avenues of relief respectively available under Title VII and . . . § 1981."[27] It should be noted, however, that the only claims sufficiently stated by the present plaintiffs' complaints were raised before the EEOC, and no claims other than racial discrimination could be stated in a § 1981 action in any event because of the limited scope of the § 1981 remedy.[28] Thus, only the racial discrimination claims may be premised on § 1981 in this action, and any other § 1981 claims must be dismissed.

### D. Claims Based on Other Statutes.

 Although plaintiffs' complaint lists several statutory bases for plaintiffs' claims in addition to § 1981 and Title VII, the Court finds no merit in plaintiffs' reliance on any of the other statutes. The complaint contains no allegation of state action or involvement in the defendant's alleged acts of discrimination, and plaintiffs have therefore failed to state a claim based on 42 U.S.C. § 1983.[29] No claim based on 42 U.S.C. § 1985 has been stated, since plaintiffs have not alleged a conspiracy between defendant and any other person or entity.[30] 42 U.S.C. § 1988, is merely a procedural provision which "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts"[31] but creates no independent cause of action. Plaintiffs' failure to state a sufficient claim of sex discrimination in salary or wages requires dismissal of plaintiffs' Equal Pay Act[32] claim, and the Court lacks jurisdiction over any claim based on the National Labor Relations Act.[33] Accordingly, the claims based on these statutes must be dismissed.

---

**26.** See footnote 15 *supra,* for mention of the practical differences between the two causes of action.

**27.** 421 U.S. at 460, 95 S.Ct. at 1720, 44 L.Ed.2d at 301.

**28.** See *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189, 1192 (1968) (referring to § 1982); *Arnold v. Tiffany,* 487 F.2d 216, 217 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974); *Marshall v. Plumbers and Steamfitters, Local Union 60,* 343 F.Supp. 70, 72 (E.D.La.1972); see also *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295, 301 (1975).

**29.** See *District of Columbia v. Carter,* 409 U.S. 418, 423–24, 93 S.Ct. 602, 605–06, 34 L.Ed.2d 613, 619–20 (1973); *Sykes v. State of California,* 497 F.2d 197, 200 (9th Cir. 1974).

**30.** See *Sykes v. State of California,* 497 F.2d 197, 200 (9th Cir. 1974).

**31.** See *Moor v. County of Alameda,* 411 U.S. 693, 703, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596, 606 (1973).

**32.** 29 U.S.C. § 201 *et seq.,* as amended by 29 U.S.C. § 206(d) (1970).

**33.** 29 U.S.C. § 151 *et seq.* (1970).