Mohamed H. SAAD, Plaintiff,

v.

BURNS INTERNATIONAL SECURITY SERVICES, INC., Defendant.

Civ. A. No. 77–0965.

United States District Court, District of Columbia.

March 15, 1978.

Samuel Intrater, Washington, D. C., for plaintiff.

Roger M. Witten, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff, an Arabian, brings this action against his former employer, Burns International Security Services, Inc., alleging that Burns discriminated against him in his employment on the basis of race, color, religion, sex and national origin. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter Title VII); the 13th Amendment and 42 U.S.C. § 1981; the 14th Amendment and 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1988; 29 U.S.C. § 151 et seq.; and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1970).

Defendant Burns is a Delaware corporation with its principal place of business in New York and branch offices in numerous cities including Washington, D.C. Plaintiff was employed in defendant's Washington, D.C. office from May 21, 1974 through December 10, 1976; first as a security guard and later as a timekeeper in the payroll department. In October of 1976, defendant dissolved its Washington, D.C. payroll branch office and consolidated it with its Philadelphia office. Defendant alleges that it offered plaintiff the opportunity to transfer to Philadelphia at an increase in salary. The offer was declined and plaintiff was terminated on December 10, 1976.

Plaintiff filed a complaint with the EEOC and received a "right to sue" letter on May 10, 1977. He also filed a complaint with the District of Columbia Office of Human Rights on February 8, 1977.[1] He filed the instant action on June 21, 1977.

This matter is currently before the Court on defendant's motion to dismiss, or in the

---

1. Plaintiff subsequently withdrew this complaint.

alternative, for summary judgment, for a more definite statement and to deny plaintiff's request for a trial by jury; plaintiff's opposition thereto; and defendant's reply. Defendant contends that (1) the Title VII claims based on race, color, religion and sex should be dismissed; (2) summary judgment should be granted as to the national origin claims or they should be dismissed for failure to exhaust administrative remedies; (3) the other statutory and constitutional claims should be dismissed for failure to state a claim or lack of jurisdiction; (4) the prayer for compensatory and punitive damages under Title VII should be stricken or dismissed; (5) plaintiff's request for a jury trial under Title VII should be denied; and (6) either the entire complaint should be dismissed or plaintiff should be required to file a more definite statement.

### Title VII Claims

Defendant argues that plaintiff's EEOC complaint, as well as that filed with the District of Columbia Office of Human Rights, alleges only discrimination based on national origin. Therefore, plaintiff has failed to exhaust his administrative remedies with respect to his claims based on sex, race, color or religion. 42 U.S.C. § 2000e–5(e). Defendant further contends that plaintiff's claims of national origin discrimination should be dismissed since he has failed to exhaust his administrative remedies as to all allegations except that regarding promotions.[2] The additional allegations include discrimination in job classification; denial of pay raises, overtime pay, vacation pay and sick leave; failure to transfer and discharge.[3]

■ The Court concludes that under Title VII, plaintiff may not raise in Court a *basis* for discrimination which was not included in his EEOC complaint. *Lamont v.*

*Forman Bros.*, 410 F.Supp. 912, 917 (D.D.C. 1976); *EEOC v. New York Times Broadcasting Service, Inc.*, 364 F.Supp. 651 (W.D. Tenn.1973); *Mayti v. Beer Bottlers, Local 1187*, 392 F.Supp. 60 (E.D.Mo.1974). Thus, plaintiff's claims of discrimination under Title VII based on race or color, religion and sex, which constitute separate and distinct categories from national origin, and which were not raised during the administrative process, must be dismissed.

The second aspect of defendant's contention seeks to dismiss all *issues* arising out of the same basis for discrimination, here, national origin, which were not raised in plaintiff's EEOC complaint. In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970), the Court held that where the complaint contained claims differing from those raised in the EEOC complaint, the claims could nonetheless be litigated in court if they could "reasonably be expected to grow out of the charge of discrimination." *Id.* at 466; *Arey v. Providence Hospital*, 55 F.R.D. 62 (D.D.C.1972); *Lamont, supra*, 410 F.Supp. at 917; *Kinsey v. Legg, Mason & Co., Inc.*, 60 F.R.D. 91 (D.D.C. 1973).

■ Applying this rule to the instant case, the Court will permit plaintiff to pursue those allegations based on national origin which bear a reasonable relationship to his claim of discriminatory promotions,[4] but only if he first files a more definite statement of his claims. Rule 12(e) Fed.R.Civ.P. "Mere allegations of systematic discrimination . . . do not suffice to state a claim . . . ." *Lamont, supra*, 410 F.Supp. at 915. At a minimum, he must specify which promotions he was denied, who received them in his place and when the denial occurred. He must provide similar information with regard to his claims of denial of pay raises, vacation pay and sick

---

**2.** Plaintiff's EEOC complaint reads as follows: "I believe that I am being discriminated against because of my national origin (Arabian) in the terms and conditions of my employment by being passed up on promotions, and by continually being harassed me [sic]."

**3.** Claims involving transfers and discharge, which are included in the complaint, appear to have been abandoned in plaintiff's opposition to defendant's motion.

**4.** This would include allegations related to job classification, denial of pay raises, overtime pay, vacation pay and sick leave.

leave, as well as discrimination in job classification. Failure to do so within 10 days of the date of this memorandum and accompanying order may result in dismissal of plaintiff's claims based on national origin.

*The Thirteenth Amendment and 42 U.S.C. § 1981 Claims*

■ The 13th Amendment and 42 U.S.C. § 1981 are directed solely at discrimination based on race and color. *McDonald v. Santa Fe Trailer Transportation Co.*, 427 U.S. 273, 285–296, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Runyon v. McCrary,* 427 U.S. 160, 167–74, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Section 1981 cases usually concern the right "to make and enforce contracts," including employment contracts. *See, e. g., Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Furthermore, ". . . the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action." *Id.* at 460, 95 S.Ct. at 1720. However, plaintiff's claim of national origin discrimination is not cognizable under § 1981. *Nat. Ass'n of Government Employees v. Rumsfeld*, 413 F.Supp. 1224, 1228 (D.D.C. 1976); *Kurylas v. United States Department of Agriculture*, 373 F.Supp. 1072, 1076 (D.D.C.1974), *aff'd. without opinion*, 169 U.S.App.D.C. 58, 514 F.2d 894 (1975). Nor does § 1981 provide a remedy for sex or religious discrimination. *Runyon v. McCrary, supra*, 427 U.S. at 160, 96 S.Ct. 2586.

■ Thus, if plaintiff in the instant suit is to have a cause of action based on § 1981, it must be based on race or color. As his complaint is currently constituted, plaintiff has alleged neither his race nor his color. If he wishes to pursue this basis for his claims, he must provide this information as a part of the aforementioned more definite statement. It is not sufficient to merely say that he is "non-Caucasian", as his affidavit does. The Court will thus defer ruling on plaintiff's § 1981 claim until this information is forthcoming.

*The Prayer for Compensatory and Punitive Damages*

■ Defendant also contends that neither compensatory nor punitive damages are available under Title VII, 42 U.S.C. § 2000e-5(g). This has been the conclusion reached by an overwhelming majority of courts. *See, e. g., Pearson v. Western Electric Co.*, 542 F.2d 1150 (10th Cir. 1976); *EEOC v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir. 1975), *vacated and remanded on other grounds*, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977).

■ On the other hand, such relief is available under § 1981. *Johnson v. Railway Express Agency, Inc., supra*, 421 U.S. at 460–61, 95 S.Ct. 1716. Accordingly, these prayers are stricken as to plaintiff's potential Title VII claim based on national origin only.

*The Request for a Jury Trial*

■ Defendant is correct in that there is no right to a jury trial in a Title VII action. *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802 (4th Cir. 1971), *cert. denied*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969). However, a jury trial is appropriate in a § 1981 action since it affords a plaintiff legal as well as equitable relief. *Johnson v. Railway Express Agency, supra*, 421 U.S. at 460, 95 S.Ct. 1716, 1720.[5]

Accordingly, only plaintiff's request for a jury trial as to his Title VII claims based on national origin is stricken.

*Plaintiff's Other Claims*

■ Claims under the 14th Amendment and 42 U.S.C. § 1983 are available only where a cause of action alleges deprivation "under color of state law." *See District of Columbia v. Carter*, 409 U.S. 418, 423, 93

---

**5.** The Supreme Court in *Johnson* also pointed out, however, that certain assistance offered by Title VII in areas of investigation, conciliation, counsel, waiver of court costs and attorney's fees "are unavailable at least under the specific terms of § 1981." *Id.*

S.Ct. 602, 34 L.Ed.2d 613 (1973); *Lamont, supra,* 410 F.Supp. at 918. Plaintiff's complaint makes no allegation of state action or involvement. Accordingly, these claims are dismissed.

42 U.S.C. § 1985 concerns conspiracies to violate civil rights. Plaintiff has failed to allege a conspiracy between defendant and any other person or entity. Accordingly, this claim is also dismissed. *See Sykes v. State of California,* 497 F.2d 197, 200 (9th Cir. 1974); *Lamont, supra,* 410 F.Supp. at 918.

 42 U.S.C. § 1988 is merely a procedural provision which "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." *See Moor v. County of Alameda,* 411 U.S. 693, 703, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1973). It does not create any independent cause of action. *Lamont, supra,* 410 F.Supp. at 918. Therefore, this claim must also be dismissed.

Plaintiff has failed to exhaust his administrative remedies by failing to file an unfair labor practice complaint with the National Labor Relations Board. 29 U.S.C. § 160 (1970); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638 (1938). This Court therefore lacks jurisdiction over plaintiff's claims based on the National Labor Relations Act, 29 U.S.C. § 151 *et seq.,* and they are accordingly dismissed. *Lamont, supra,* 410 F.Supp. at 918.

Finally, plaintiff's claim under the Equal Pay Act, 29 U.S.C. § 201 *et seq.,* as amended by 29 U.S.C. § 206(d) (1970) must fail since plaintiff has failed to "state a sufficient claim of sex discrimination in salary or wages . . . ." *Lamont, supra,* 410 F.Supp. at 918.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss, or in the alternative, for summary judgment, is granted as to plaintiff's Title VII claims based on race or color, religion and sex. The motion is also granted as to plaintiff's § 1981 claims based on national origin, sex and religion. Plaintiff must file a more definite statement with regard to his Title VII claims based on national origin and his § 1981 claim based on race or color within 10 days of the date of this memorandum and accompanying order. Rule 12(e) Fed.R.Civ.P. Failure to do so may result in dismissal of the entire complaint. The remainder of plaintiff's statutory claims are dismissed in their entirety. Plaintiff's prayer for punitive and compensatory damages and his request for a jury trial as to all of his Title VII claims are stricken.

An appropriate order is entered herewith.