**Anne W. WALKER, Plaintiff,**

v.

**Honorable Ed JONES, et al.,
Defendants.**

**Civ. A. No. 82–2723.**

United States District Court,
District of Columbia.

May 19, 1988.

John J. Gilece, Jr., Bethesda, Md., John
P. McGeehan, Fairfax, Va., for plaintiff.

Steven R. Ross, Gen. Counsel to the
Clerk, U.S. House of Representatives,
Washington, D.C., for defendants.

---

**MEMORANDUM**

JOHN LEWIS SMITH, Jr., District
Judge.

Currently before the Court is defendants'
motion to strike plaintiff's demand for a
jury trial on her claim that defendants dis-
charged her from her position as general
manager of the House of Representatives
Restaurant System, in violation of her fifth
amendment right against discrimination on
the basis of her sex. It has previously
been established by the Court of Appeals
that plaintiff has indeed stated a viable
claim for damages against the defendants
which can be presented directly under the
fifth amendment. *See Walker v. Jones,*
733 F.2d 923, 933 (D.C.Cir.1984).

In addition to plaintiff's prayer in her
complaint demanding $1,000,000 compensa-
tory damages, and $3,000,000 punitive dam-
ages, she requested equitable relief in the
form of, *inter alia,* back pay and reinstate-
ment to her former position. In support of
their motion to strike plaintiff's demand for
a jury trial, defendants contend that be-
cause plaintiff's fifth amendment sex dis-
crimination claim is essentially patterned
under Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. §§ 2000e–
2000e–17 [1], she is restricted to a bench trial
on all of her claims, both legal and eq-
uitable. The Court disagrees.

The parties are in agreement that there
is no right to a jury trial in Title VII
actions. *See Saad v. Burns International
Security Services, Inc.,* 456 F.Supp. 33, 37
(D.D.C.1978). They further agree that
claims which are equitable in nature are
properly triable by the court. They part
company however in regard to defendant's
contention that because plaintiff's sex dis-
crimination action is similar to a Title VII
action, she, like a Title VII litigant, is re-
stricted to a bench trial on all of her claims.
The Court finds that notwithstanding any

---

1. While Congress prohibited sex discrimination
in public and private discrimination, it exempt-
ed its own staffs from Title VII's coverage.
§ 2000e–16(a). In *Davis v. Passman,* 442 U.S.
228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the

Supreme Court implied a remedy directly from
the fifth amendment for sex discrimination by a
member of Congress in dismissing a female
staff member.

resemblance between plaintiff's fifth amendment action and an action which might otherwise have been brought under Title VII, she is entitled to a jury trial on her claims for compensatory and punitive damages.

Any similarities between the remedies sought by plaintiff here, and the equitable remedies available under Title VII, end with plaintiff's prayer for legal relief in the form of damages. The various forms of relief available under Title VII, e.g., reinstatement, awarding of backpay, etc., are exclusively equitable remedies to be determined through the exercise of the Court's discretion, and not by a jury. *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir.1969); *see also Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). Where equitable claims for relief are combined with legal claims however, the parties have a right to a jury trial on the legal claims:

> If the action is properly viewed as one for damages only, our conclusion that this is a legal claim obviously requires a jury on demand. And if this legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.

*Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1973). *See also Saad v. Burns International Security Services, Inc., supra,* 456 F.Supp. at 37; *Hybki v. Alexander & Alexander*, 536 F.Supp. 483, 484 (D.C. Mo. 1982).

Although the principle that legal claims are triable before a jury seems to be axiomatic, defendants cite a number of cases in support of their deprecation that "a jury trial here would be reversible error." Defndts' Reply in Support of Mot. Strike Jury Demand at 7. The Court has read each of defendants' cited authorities in this respect and has found that in every one of these cases, the courts' rulings distinguished, in no uncertain terms, that a jury trial of *equitable* claims for back pay was

error. *See, e.g., Harkless v. Sweeny Independent School District*, 427 F.2d 319, 324 (5th Cir.1970), noting:

> This circuit has rejected the view '... that the trio of *Beacon Theatres (v. Westover )*, [359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)], *Dairy Queen, Inc. (v. Wood )*, [369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)], and *Thermo–Stitch (v. Chemical–Cord Processing Corp )* [294 F.2d 486 (5th Cir.1961)] is a catalyst which suddenly converts *any* money request into a money claim triable by jury.' (citation omitted).
>
> None of these cases involved back pay. Each involved separate equitable and legal claims joined in the same case. *The legal claims were triable by the jury.* (emphasis added). The back pay issue here was not a separate legal claim—rather it was a part of the main equitable claim—reinstatement.

*Id. See also Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir.1985); *Smith v. Hampton Training School For Nurses*, 360 F.2d 577, 581 n. 8 (4th Cir.1966) ("But the claim (for back pay) is not one for damages; it is an integral part of the remedy of reinstatement, and should be determined by the court"); *McFerren v. County Board of Education of Fayette County, Tennessee*, 455 F.2d 199, 202–204 (6th Cir. 1972).

In conclusion, defendants' authorities utterly fail to establish that a jury trial of plaintiff's legal claims for damages in this matter, as opposed to her equitable claims for back pay, would be inappropriate. In view of the foregoing, the Court concludes that the defendants' "Motion to Strike Jury Demand" must be denied. An appropriate order will be entered.