Nicolaas L. DEGROEN,
Defendant–Appellant,

v.

MARK TOYOTA–VOLVO, INC.,
Plaintiff–Appellee.

No. 90CA0703.

Colorado Court of Appeals,
Div. IV.

April 11, 1991.

Mosley, Wells, Johnson & Ruttum, P.C., Morris B. Hoffman, Denver, for defendant-appellant.

The Law Offices of Wyn T. Taylor, Wyn T. Taylor, Golden, for plaintiff-appellee.

Opinion by Judge DAVIDSON.

This is an appeal from the judgment entered by the trial court granting to plaintiff, Mark Toyota–Volvo, Inc., an injunction prohibiting defendant, Nicolaas L. De-Groen, from picketing on the public sidewalk in front of plaintiff's business. Defendant contends that the injunction is an unconstitutional prior restraint under the First Amendment and Colo. Const. art. II, § 10. Defendant also claims he is entitled to attorney fees pursuant to 42 U.S.C. § 1988. We reverse and remand.

The facts in this case are not in dispute. In February 1990, defendant asked plaintiff to determine the problem with the engine in his son's 1987 Toyota. Plaintiff, however, refused to inspect the vehicle unless defendant agreed to pay $450 for the initial tear-down and diagnosis. Believing the problem was due to a factory defect, defendant refused to pay this cost until plaintiff could prove otherwise.

After plaintiff refused to inspect the vehicle under those terms, defendant, his son, and his son-in-law picketed on the sidewalk in front of plaintiff's business with signs which read:

"CONSUMER BEWARE. Engine might need to be replaced within 3 years of purchase without assistance from this Toyota dealership. IT HAPPENED TO ME."

Defendant's picketing activities were peaceful and did not block the entrances and exits from plaintiff's business.

Plaintiff then brought an action for injunctive relief against defendant, alleging

that the picketing was having an adverse impact on its business. After an initial hearing, the district court granted a temporary restraining order against defendant and "any person in active concert" with defendant from picketing in or around plaintiff's business.

A second hearing was then held on the plaintiff's request for a preliminary injunction. There, the court found that defendant was not a customer of plaintiff and was interfering with plaintiff's business, that defendant intended to continue the picketing until he received free services from plaintiff, and that an automobile accident had occurred in the area of the picketing which was "attributable possibly to the activity that was going on."

The court granted the preliminary injunction against defendant but specified that the injunction prohibited only that picketing by defendant which referred to the dispute between the parties. The parties stipulated that the injunction would be made permanent so that a final judgment would enter, and expedite defendant's appeal.

## I.

■ Defendant first contends that this injunction is an unconstitutional prior restraint under the First Amendment. We agree.

■ A primary purpose of the First Amendment's guarantee is to prevent the restraint of speech or publication in advance. Thus, there is a heavy presumption against the constitutional validity of any such prior restraint. *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931).

Additionally, "the peaceful dissemination of information in a public forum [has been] a long cherished First Amendment right," *Solien v. Teamsters,* 484 F.Supp. 1240 (E.D.Miss.1980), and there is no doubt that the dissemination of information by picketing is expressive activity involving "speech" protected by the First Amendment. *Frisby v. Schultz,* 487 U.S. 474, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988).

Furthermore, public sidewalks are the archetype of a traditional public forum, *Frisby v. Schultz, supra,* and "[t]he right to use a public place for expressive activity may be restricted only for weighty reasons." *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Therefore, we have little trouble concluding that defendant's dissemination of information by peaceful picketing on a public sidewalk is entitled to First Amendment protection.

Plaintiff argues, however, that defendant's picketing is not entitled to such protection because his speech was defamatory and was an attempt to coerce plaintiff into providing free repair work. We disagree.

For almost 60 years, the United States Supreme Court has consistently held that speech cannot be subject to prior restraint merely because it is alleged to be defamatory. In *Near v. Minnesota, supra,* the Court struck down a statute which permitted the enjoining of the publication of an allegedly defamatory newspaper. In so doing, the Court stated:

"[T]he main purpose of [the First Amendment] is to prevent all such *previous restraints* upon publications as had been practiced by other governments, and they do not prevent the subsequent punishment of such as may be deemed contrary to the public welfare.... The preliminary freedom extends as well to the false as to the true; the subsequent punishment may extend as well to the true as to the false. For whatever wrong the appellant has committed or may commit, by his publications, the state appropriately affords both public and private redress by its libel laws."

Although the *Near* court recognized that the First Amendment's prohibition on prior restraints is not absolute, it made clear that limitations upon this constitutional guaranty will be recognized "only in exceptional cases." Indeed, the Court has recognized such exceptions only in limited areas such as where the speech threatens national security, involves obscenity, or "expressions that have the effect of force." *See* Smith, *Prior Restraint: Original Inten-*

*tions & Modern Interpretations*, 28 Wm. & Mary L.Rev. 439 (1987). None of these exceptions is present here.

Moreover, the fact that defendant's speech may be an attempt to coerce plaintiff does not extinguish its protection under the First Amendment. This issue was decided in *Organization For a Better Austin v. Keefe*, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971), where the Supreme Court considered the validity of an injunction against an organization which prohibited it from picketing or distributing pamphlets that invaded the "privacy" of the respondent. The Illinois appellate court sustained the injunction because it found that the organization's activities were coercive and intimidating, rather than informative, and therefore not entitled to First Amendment protection.

The Supreme Court reversed, explaining as follows:

> "[I]t is elementary, of course, that in [First Amendment prior restraint cases] the courts do not concern themselves with the truth or validity of the publication.
>
> . . . .
>
> The claim that the expressions were intended to exercise a coercive impact on respondent does not remove them from the reach of the First Amendment. Petitioners plainly intended to influence respondent's conduct by their activities; this is not fundamentally different from the function of a newspaper.... Petitioners were engaged openly and vigorously in making the public aware of respondent's real estate practices. Those practices were offensive to them, as the views and practices of petitioners are no doubt offensive to others. But so long as the means are peaceful, the communication need not meet standards of acceptability.
>
> . . . .
>
> "Any prior restraint on expression comes to this Court with a heavy presumption against its constitutional validity. ... Respondent thus carries a heavy burden of showing justification for the imposition of such a restraint. He has not met that burden. No prior decisions supports the claim that the interest of an individual in being free from public criticism of his business practices in pamphlets or leaflets warrants use of the injunctive power of a court."

These principles are determinative here. *See Concerned Consumers League v. O'Neill*, 371 F.Supp. 644 (E.D.Wis.1974) (picketing which criticized business practices is protected by First Amendment even if coercive); *Willing v. Mazzocone*, 482 Pa. 377, 393 A.2d 1155 (1978) (lawyers' interest in protecting business reputation is insufficient to enjoin client's picketing).

Finally, insofar as plaintiff contends that the injunction should be upheld because it places reasonable "time, place, or manner" restrictions on defendant's picketing, we disagree. Although reasonable time, place, or manner restrictions may be imposed on speech in order to serve significant governmental interests such as public safety, such restrictions must not be used as a means to suppress the content of the speech. *See United States v. Grace*, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983).

Here, although the court found that an automobile accident occurred in the vicinity of the picketing, it made no finding that the accident actually resulted from the picketing. In fact, the record is devoid of any evidence that defendant's picketing in any way caused the accident.

Moreover, the injunction here prohibits defendant from *all* picketing regarding the parties' dispute. As such, the injunction is an attempt to suppress the content of defendant's message, and thus, it cannot be justified. As stated by Justice Marshall in *Police Department v. Mosley*, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972):

> "[A]bove all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."

Therefore, we conclude that this injunction is an impermissible prior restraint upon defendant's First Amendment rights.

Because of our resolution of this issue, we decline to address defendant's contention that the injunction is also unconstitutional under the Colorado Constitution.

## II.

■ Defendant next contends that he is entitled to attorney fees pursuant to 42 U.S.C. § 1988. We disagree.

42 U.S.C. § 1988 provides that a court may allow the prevailing party reasonable attorney fees in any action to enforce a provision of §§ 1981, 1982, 1983, 1985, and 1986, Title IX of Public Law 92–318 or Title VI of the Civil Rights Act of 1964. This section, however, does not create an independent cause of action. *Whitten v. Petroleum Club*, 508 F.Supp. 765 (W.D.La.1981); *Lamont v. Forman Brothers, Inc.*, 410 F.Supp. 912 (D.D.C.1976).

Here, defendant has not brought any action, either affirmatively or defensively, based upon any of the sections or titles listed under § 1988. Therefore, he is not entitled to recover attorney fees under this statute. *See Whitten v. Petroleum Club, supra.*

Accordingly, the judgment is reversed and the cause is remanded with directions that the injunction be dissolved.

ROTHENBERG and VAN CISE *, JJ., concur.