Richard HURST, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES; Personnel Department of the City of Los Angeles; Los Angeles Fire Department, Defendants—Appellees.

No. 03–56738.

D.C. No. CV–01–07917–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2006.*

Decided March 14, 2006.

Law Offices of Manuel S. Klausner, P.C., Los Angeles, CA, for Plaintiff–Appellant.

Clifton W. Albright, Albright, Yee & Schmit, Los Angeles, CA, for Defendants–Appellees.

Before HALL, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Richard Hurst alleges that the Los Angeles Fire Department (LAFD) discriminated against him on the basis of race and ethnicity. Hurst alleged in his charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) that he was not selected for a firefighter position with the LAFD because he is of Hispanic national origin.[1] However, in his second amended complaint filed in the district court, Hurst alleged pursuant to Title VII of the Civil Rights

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Hurst's charge was deemed jointly filed with the California Department of Fair Employment and Housing (DFEH).

Act of 1964, 42 U.S.C. § 2000e, and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940, that the LAFD discriminated against him because he is a "white male." The district court granted the City's motion for summary judgment. We have jurisdiction over Hurst's appeal pursuant to 28 U.S.C. § 1291 and affirm.

Before bringing a civil action under Title VII or the FEHA, a plaintiff must have timely filed an administrative charge with the EEOC and the DFEH, respectively.[2] 42 U.S.C. § 2000e–5(f)(1); Cal. Gov't Code §§ 12960(b), 12965(b). The EEOC charges must be "sufficiently precise to ... describe generally the action or practices complained of." EEOC Procedural Regulations, 29 C.F.R. § 1601.12. Accordingly, "[a]llegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir.2002) (internal quotation marks and citations omitted). Subject mater jurisdiction extends over new claims only if the claims are: (1) "within the scope of the EEOC's actual investigation;" or (2) within the scope of an EEOC investigation which could reasonably have been expected to grow from the discrimination alleged in the EEOC charge. *Id.* Where a plaintiff alleges a distinct category of discrimination in his EEOC charge, a separate claim "which [was] not raised during the administrative process[ ] must be dismissed." *Saad v. Burns Int'l Security Servs., Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978) (cited with approval in *Shah*, 642 F.2d at 272).

The district court properly determined that it lacked subject matter jurisdiction over Hurst's race discrimination claim. As the district court stated in its hearing on the City's motion for summary judgment, Hurst's "whole theory of this case is that Caucasians have been discriminated against by this consent decree and everything that arose out of it." However, in the charge he filed with the EEOC, Hurst made an entirely different claim—he claimed that the City discriminated against him because he is of Hispanic origin. Hurst's claim of discrimination based on his white race cannot be considered a claim that was either within the scope of the EEOC's actual investigation, or within the scope of an EEOC investigation which could reasonably have been expected to grow from the discrimination alleged in the EEOC charge. *See Shah v. Mt. Zion Hospital & Medical Center*, 642 F.2d 268, 271–72 (9th Cir.1981) (holding that an EEOC charge alleging discrimination based on national origin cannot support a Title VII complaint alleging discrimination based on race). Accordingly, Hurst failed to exhaust his administrative remedies and the district court properly dismissed his second amended complaint.

**AFFIRMED.**

---

**2.** We "look to federal authority regarding Title VII and similar civil rights statutes when interpreting analogous statutory provisions of FEHA." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 n. 4 (9th Cir.2001).