Alease **BELCHER** et al.

v.

**BASSETT FURNITURE INDUSTRIES, INC.,** et al.

**Civ. A. No. 73-C-6-R-D.**

United States District Court, W. D. Virginia, Danville Division.

May 24, 1974.

Covington & Burling, Washington, D. C., Robert Bruce Wallace, Alexandria, Va., Ruth L. Harvey, Danville, Va., for plaintiffs.

L. Dale McGhee, Philpott & McGhee, Bassett, Va., J. W. Alexander Jr., Blakeney, Alexander & Machen, Charlotte, N. C., for defendants.

## OPINION

TURK, Chief Judge.

This is an employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter Title VII) [1] as a class action by twenty-two named plaintiffs who are present or former employees of defendant, Bassett Furniture Industries, Inc.[2] Plaintiffs' complaint is in two parts as follows: In the first count of the complaint, the twenty-two named plaintiffs purport to represent all past, present or future black employees and allege that numerous policies and practices utilized by defendant are racially discriminatory; in the second count of the complaint the thirteen named female employees purport to represent all past, present and future female employees of the defendant and allege numerous sexually discriminatory policies and practices by defendant against the class. The case is now before the court on defendant's motion to dismiss the cause of action based on allegations of sexual discrimination for failure to satisfy the jurisdictional prerequisites of Title VII.

Title VII defines as "unlawful employment practices" discrimination by employers in the areas of hiring, discharge, pay and terms and conditions of employment against individuals on account of their sex, race, religion, color or national origin, 42 U.S.C. § 2000e–2(a). The statute created the Equal Employment Opportunity Commission (EEOC), 42 U.S.C. § 2000e–4, and established a fairly detailed process for the enforcement of the substantive prohibitions of Title VII. It is this administrative process as applied to the facts of this case which is the focus of this opinion.

The first step on the road to judicial review in a Title VII case is the filing of a charge with the EEOC. The EEOC is then required within ten days to serve notice of the charge on the alleged violator (respondent) and undertake an investigation of the charge. If the EEOC determines that there is not reasonable cause to believe the truth of the charge, the charge is dismissed and the person claiming to be aggrieved and the respondent must be promptly notified. If, on the other hand, the EEOC determines that there is reasonable cause to believe the truth of the charge, it must "endeavor to eliminate any such unlawful employment practice by informal methods of conference, conciliation and persuasion." 42 U.S.C. § 2000e–5(b).

If the EEOC is unable to secure a conciliation agreement acceptable to it within thirty days after the charge is filed, it may bring a civil action against respondent. If the charge is dismissed by the EEOC or if within 180 days the EEOC has not filed a civil action or entered into a conciliation agreement, the person claiming to be aggrieved may bring a civil action within 90 days after receipt of notice by the EEOC. § 2000e–5(f)(1).

---

1. Plaintiffs also assert that the action is brought pursuant to The Equal Pay Act of 1963, 29 U.S.C. § 206 and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, but for purposes of the issue now presented only Title VII is relevant.

2. Also named as defendants are Bassett Chair Company, Bassett Furniture Company, J. D. Bassett Manufacturing Company, Bassett Superior Lines and Bassett Table Company, each of which is an individual operating plant owned by Bassett Furniture Industries, Inc. For purposes of this opinion reference to "defendant" will encompass all of the operating plants of Bassett Furniture Industries, Inc.

Plaintiffs allege in their complaint, and the defendant does not dispute, that each of the twenty-two named plaintiffs has filed charges of employment discrimination against defendant with the EEOC; that each of the named plaintiffs received notification from the EEOC of its inability to achieve voluntary compliance; and that such notification was received by each plaintiff within 90 days of the filing of this suit. But in oral argument before the court, counsel for both sides represented that all of the named plaintiffs specifically alleged racial discrimination in their charges filed with the EEOC; in none of the plaintiffs' cases did the EEOC find facts or reach conclusions with respect to sexual discrimination; and the conciliation efforts undertaken by the EEOC did not encompass the issue of sexual discrimination. Because of this defendant contends that there is a jurisdictional bar to the class action based on alleged sexual discrimination.

On the other hand, plaintiffs have submitted a copy of a charge filed by Shelia Setliff (not one of the named plaintiffs in this suit) in July, 1969, alleging that she had been the victim of sexual discrimination while employed by the Bassett Chair Company. Also submitted is a copy of the EEOC decision dated June 30, 1971, with respect to Ms. Setliff's charge in which the EEOC found reasonable cause to believe that the Bassett Chair Company had discriminated against females as a class and thus violated Title VII by maintaining sex segregated job classifications and by paying females lower wages than males for substantially identical work. Plaintiffs seem to contend that the EEOC findings with respect to Ms. Setliff answer defendant's jurisdictional argument. But plaintiffs also appear to argue, largely on the basis of Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970), that regardless of the Setliff charge the female plaintiffs

should be allowed to maintain this suit for alleged sexual discrimination.

In *Sanchez,* the plaintiff had initially alleged sexual discrimination in her charge to the EEOC but after the then applicable ninety-day period for filing a charge had passed,[3] she amended her charge to allege discrimination on account of her national origin and stated that her supervisor had seemed more abrupt and vengeful toward Mexican-American and Negro women than Anglo women. The EEOC investigation did not support the allegation of sex discrimination but did find reasonable cause to believe the truth of the allegations of national origin discrimination. Following an unsuccessful attempt at conciliation by the EEOC plaintiff brought suit on behalf of herself and the class of Mexican-American and Negro persons employed or who might be employed by defendant.

■ The court first rejected the argument that plaintiff's judicial complaint was limited solely to allegations of sex discrimination by virtue of the fact that only sex discrimination had been alleged within the requisite time for filing a charge. The court held that the crucial element of a charge was the factual allegations and not the legal conclusion attached to such allegations by possibly unsophisticated and uneducated working people. The court further held that the amendment to plaintiff's charge related back to the date of the original charge and thus could provide a basis for the suit. This court finds itself in complete agreement with conclusion in *Sanchez* that the remedial purposes of Title VII would not be served by requiring the charging party to accurately divine an employers motivation in treating him unfairly and that the important element is the factual allegation in a charge. See Graniteville Co. v. Equal Employment Opportunity Commission, 438 F.2d 32, 37–38. (4th Cir. 1971). Thus, although a charge to the EEOC is

---

3. The applicable period for filing a charge is now 180 days after the alleged unlawful employment practice occurred, 42 U.S.C. § 2000e–5(e).

a jurisdictional prerequisite, 42 U.S.C. § 2000e–5(f)(1), the fact that none of the named plaintiffs to this suit initially alleged sexual discrimination does not necessarily limit the scope of the later suit. See Tipler v. DuPont, 443 F.2d 125 (6th Cir. 1971). But at the same time, the fact that some charge of discrimination was filed with the EEOC does not allow a later suit on any ground which may later occur to a party—the question is that of determining the relationship between the charge and the later suit.

This question was also raised by the defendant in *Sanchez* who argued that the allegations in the judicial complaint were beyond the scope of the allegations in either the original or amended charge to the EEOC. The court concluded that the correct standard to be applied to the judicial complaint in relation to the allegations presented to the EEOC was that "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of a charge of discrimination." 431 F.2d at 466. A mechanical application of the above standard would seemingly support plaintiffs' sex discrimination allegations since the scope of the EEOC investigation triggered by the allegations of racial discrimination filed by the thirteen female plaintiffs would reasonably be expected to include the possibility that they had been the victim of sexual discrimination which they had mistakened for racial discrimination. But there is a certain weakness in mechanically applying this rule to the case at bar in light of its stated rationale:

"The logic of this rule is inherent in the statutory scheme of Title VII. A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance

with the law. Only if the EEOC fails to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

A more exacting rule would be destructive of the logic of the statutory scheme, for it would impede the ability of the commission to effect voluntary compliance. If an alleged discriminator knew that a particular issue which was the subject of EEOC conciliation efforts could never be the subject of a civil action, his incentive toward voluntary compliance would be lessened." 431 F.2d at 466.

The court also stated:

"A *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." 431 F.2d at 467.

Consideration of this rationale with its emphasis on the voluntary compliance aspect of Title VII demonstrates the frailty in plaintiffs' reliance on *Sanchez*. As noted, the plaintiffs did not allege sex discrimination in their charge to the EEOC nor was this issue the subject of conciliation efforts; thus presumably it was never even investigated and brought to the defendant's attention in the cause of investigating the plaintiffs' charges. This is in sharp contrast to *Sanchez* in which the plaintiff alleged in her amended charge discrimination against Mexican-Americans and Negroes, and the EEOC had found reasonable cause to believe that she had been the victim of national origin discrimination.

The case of Latino v. Rainbo Bakers, Inc., 358 F.Supp. 870 (D.Colo.1973), cited in support of plaintiffs' position, is also instructive. In this case, the plaintiff had alleged in her judicial complaint that her employer had discriminated against her on account of sex. The defendant employer had moved to dismiss on the basis that plaintiff had only charged national origin discrimination in her complaint to the EEOC. The court denied defendant's motion because the EEOC investigation had disclosed reasonable cause to believe that plaintiff had been the victim of sex discrimination. The court reasoned that purposes of the statutory procedure established by Title VII in 42 U.S.C. § 2000e–5 would not be frustrated—those purposes being to notify the employer of the alleged violation and to give the EEOC an opportunity to seek to resolve the charges through voluntary compliance. Thus the purpose of notice was satisfied by the EEOC's finding of possible sex discrimination and the purpose of voluntary compliance was satisfied when the EEOC's conclusions were made the subject of conciliation procedures. The case at bar is distinctively different in that at least so far as the named plaintiffs are concerned, there was neither notice nor an opportunity to conciliate on the question of sex discrimination prior to this suit being filed.

■ The plaintiffs would overcome the fact that the EEOC investigations and conciliation efforts in their individual cases did not consider the issue of sexual discrimination, by reference to the charge and EEOC's decision in the case of Ms. Setliff. The obvious difficulty with this is that Ms. Setliff is not a named plaintiff in this suit. The jurisdictional prerequisites must be measured against the named plaintiffs regardless of whether the plaintiffs purport to represent a class or not. Plaintiffs cite Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968) for the proposition that a class action may be maintained under Title VII when only one member of the class had filed a charge of discrimination with the EEOC. In that case four black employees brought suit on behalf of themselves and all present and prospective black employees of the plant, but only one of the four had processed his grievance of racial discrimination through the EEOC. The court in *Oatis* merely held the named co-plaintiffs need not have filed charges with the EEOC so long as they assert the same or some of the issues raised by the plaintiff who did bring a charge before the EEOC. The case at bar is obviously different in that the issue of sexual discrimination has not been presented to or investigated by the EEOC in the case of any of the named plaintiffs.

■■ Although the question of subject matter jurisdiction of the sexual discrimination allegations is not free from doubt on the facts of this case, the court has concluded that the absence of administrative development of such allegations by the EEOC presents a jurisdictional bar at this time. The court is mindful that an actual attempt at conciliation by the EEOC is not a jurisdictional prerequisite to a private suit, Johnson v. Seaboard Air Line Railroad Company, 405 F.2d 645 (4th Cir. 1968), but it is clear that "notice of the charge (including the date, place and circumstance of the alleged unlawful employment practice)" and an EEOC investigation are mandated by the statute before a civil action is brought. 42 U.S.C. § 2000e–5(b), (e). Plaintiffs reliance on the Setliff charge and resulting EEOC decision to satisfy these requirements is obviously not adequate in providing notice of the date, place and circumstances of the alleged sexual discrimination in the cases of the named plaintiffs. Similarly, the fact that the allegations of sexual discrimination may be said to be within the scope of the EEOC investigation which could be expected to grow out of charges of racial discrimination is not a sufficient answer to the jurisdictional requirements, since unlike *Sanchez*, supra, the charges were never amended to factually allege the grounds

later asserted in the suit. In short, the court believes that the statutory scheme of Title VII contemplate some notice or investigation by the EEOC of a charge of discrimination before it becomes the subject of a civil suit. See Equal Employment Opportunity Commission v. Westvaco, 372 F.Supp. 985 (March 25, 1974).

Since the court has relied on the representations of counsel at oral argument and certain exhibits, the defendant's motion to dismiss the plaintiffs' second cause of action will be treated as a motion for summary judgment. Accordingly, for the reasons stated an order will be entered granting summary judgment for the defendants as to plaintiffs' allegations of sexual discrimination against females. Such judgment will be without prejudice as to the merits of the allegations.