Kenneth O. NEWTON, Plaintiff,

v.

The KROGER COMPANY, and Retail Clerk's Union, Local 1583, AFL–CIO, Defendants.

No. PB–C–79–41.

United States District Court, E. D. Arkansas, Pine Bluff Division.

Sept. 12, 1979.

Leon N. Jamison, George Howard, Jr., Pine Bluff, Ark., Charles E. Carter, James I. Meyerson, N.A.A.C.P., New York City, for plaintiff.

James M. McHaney, James M. McHaney, Jr., Little Rock, Ark., James S. Johns, Cincinnati, Ohio, for Kroger.

James E. Youngdahl, Little Rock, Ark., for Retail Clerks.

## OPINION AND ORDER

ARNOLD, District Judge.

This employment discrimination action was initially brought against the employer and the union under 42 U.S.C. § 1981. Discrimination because of race is alleged. The plaintiff sought back pay and injunctive relief plus punitive damages and damages for emotional distress. The complaint was later amended to add Title VII allegations.

Kroger operates two retail food stores in the Pine Bluff, Jefferson County area. A third store was permanently closed in December, 1978. The defendant union is the certified bargaining representative for the non-supervisory employees in these stores, except for meat-department employees. The meat department apparently is a separate operation, and its employees are a part of a separate bargaining unit represented by a different union.

Each store has a manager and a co-manager, both management positions. Job titles for bargaining-unit employees include department head, clerk, deli-clerk and bagger. The collective-bargaining contract between the employer and the union contains seniority provisions which govern movement between bargaining-unit positions and entitlement to other benefits.

The plaintiff was hired by Kroger on May 15, 1974, as a part-time clerk and was assigned initially to store number 542 in Pine Bluff. He claims that he requested full-time status on several occasions, but was denied it because of his race. He was offered and accepted the position of full-time clerk in February, 1978, and was then transferred to store number 569 in Pine Bluff. He was employed full-time as a clerk until December, 1978, when Kroger closed store 569 permanently and transferred store employees to the other two Pine Bluff area stores. Plaintiff was made a part-time clerk. Although plaintiff claims personally to have been the victim of several discriminatory practices, it is clear that his major complaint concerns this demotion from full to part-time status in December, 1978. He also claims that he should have been classified as full-time prior to February, 1978.

Currently pending is the plaintiff's motion for class certification. The plaintiff wants to represent a broad class which he defines as follows:

[B]lack employees who are presently employed by defendant Kroger Company and members of defendant Union, former black employees and members of said Union who quit their employment because of the discriminatory employment practices, those black employees who were dismissed or fired by defendant Kroger Company, former black applicants who made application for employment with defendant Kroger Company, but because of the discriminatory employment practices and policies were not hired, [black potential applicants], and present black applicants for employment with defendant Kroger Company.

The complaint alleges only in a very general way the manner in which the employer allegedly discriminates against the class. The plaintiff's deposition and answers to interrogatories, however, disclose the following specific allegations:

(a) Discrimination in hiring; and many blacks do not even apply for work because of Kroger's known discriminatory practices.

(b) Discrimination in initial job assignments.

(c) Discrimination in promotions from part-time to full-time status, and in demotions from full to part-time status.

(d) Discrimination in work assignments; blacks are assigned the menial and less important tasks, such as cleaning the store. They are not given good jobs, such as in the office and in produce.

(e) Discrimination in promotions to supervisory and managerial positions.

(f) Discrimination in training opportunities for important jobs, such as head stock clerk and office jobs.

(g) Discrimination in the scheduling of hours. Blacks get to work fewer hours than whites; whites are given the opportunity for extra work not listed on the work schedule that is posted.

(h) Discrimination in discharges.

The defendant union is alleged to have failed to represent plaintiff adequately, and this failure, coupled with the union's knowledge of discriminatory practices, allegedly amounts to a participation by the union in an unlawful scheme to deny equal employment opportunities to the plaintiff.

■ The question is whether class-action treatment is appropriate with the plaintiff as the class representative and, if so, what the scope of the class should be. In support of his argument that a broad class attacking a wide range of discriminatory practices would be appropriate, the plaintiff cites cases such as *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970), and *Reed v. Arlington Hotel Co.,* 476 F.2d 721 (8th Cir. 1973). These cases and others support the proposition that an individual plaintiff can launch a broad attack on discriminatory practices. There is strong reason to believe, however, that the breadth and application of this proposition have been substantially undercut by recent cases. In *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Court held that the class representative must be a member of the class and "possess the same interest and suffer the same injury as the class members." *Id.* at 403, 97 S.Ct. at 1896. See also *Tuft v. McDonnell Douglas Corp.,* 581 F.2d 1304 (8th Cir. 1978); *Smith v. Merchants & Farmers Bank of West Helena,* 574 F.2d 982 (8th Cir. 1978); *Hill v. Western Electric Co.,* 596 F.2d 99 (4th Cir. 1979) (Haynsworth, C. J., Russell, J., and Lay, J., by designation). These cases require that the class representative allege that he or she has been the victim of the same discriminatory practices as the class alleged. And, of course, the plaintiff has the burden of establishing that class treatment is otherwise appropriate under Rule 23. The defendant employer opposes class certification for a number of reasons, most of which will be discussed. The defendant union has filed no opposition.

Each of the Fed.R.Civ.P. 23 requirements the plaintiff must meet will be discussed in turn.

## ADEQUACY OF REPRESENTATION

Kroger argues that for several reasons plaintiff is not an adequate class representative. A threshold requirement is that the class representative possess the same interest and suffer the same injury as class members, and Kroger argues that the only injury plaintiff is alleged to have suffered is the discriminatory denial of full-time status. If Kroger is correct, it would arguably follow that plaintiff could represent only a class of black part-time clerks who have been denied full-time status; Kroger persuasively argues that a class so limited would have trouble meeting the numerosity requirement.

■ The Court does not agree, however, that the plaintiff's individual allegations of discriminatory treatment are that narrow. A fair reading of the complaint, the plaintiff's deposition, and the plaintiff's answers to interrogatories indicates that the plaintiff claims to have been personally affected by the following practices: discrimination in initial job assignment; discrimination in movement from part-time to full-time status; discrimination in the assignment of work (to more menial jobs); discrimination in the opportunity for promotion to supervisory and managerial positions; discrimination in the availability of training opportunities; and discrimination in the scheduling of hours. The Court therefore finds that the plaintiff possesses the same interest and allegedly has suffered the same injury as class members who are alleged to have been the victims of these same kinds of discriminatory treatment. The plaintiff does not allege that he was discriminated against in the hiring process and does not claim to have been discriminatorily discharged by Kroger. The Court therefore holds that he is not an adequate class representative for a class which includes persons who have these kinds of grievances. *Cf. Tuft v. McDonnell Douglas Corp.,* 581 F.2d 1304 (8th Cir. 1978); *Hill v. Western Electric Co.,* 596 F.2d 99, 101–02 (4th Cir. 1979).

■ Kroger also argues that if plaintiff is a member of any class it is only a class of part-time clerks in the store in which he works, but the Court cannot agree. During his years of employment with Kroger, he has worked regularly in two of the three stores in Pine Bluff and has a general knowledge of Kroger's employment practices in its Pine Bluff stores. It appears that he is acquainted with black employees in the two stores currently operating. Employees in grocery stores work in close proximity with each other and are not widely dispersed. Each store has only two supervisory employees, and both apparently have responsibility for the entire store rather than a specific department of the store. The combined employee complement of both stores is well under one hundred. There are only four job categories for non-supervisory employees, and these categories appear to be closely related in terms of required skills and functions performed. The plaintiff appears to have a strong community of interest with other bargaining-unit employees represented by the defendant union in the Pine Bluff stores. The Court is therefore unwilling to limit membership in the class to part-time clerks and believes that the plaintiff would be an adequate representative of a class composed of all black employees in Kroger's Pine Bluff stores who are members of the bargaining unit represented by the defendant union and who have suffered the kinds of injury listed above as alleged by plaintiff personally. The Court is unable to agree, however, that the plaintiff can fairly and adequately represent employees in the meat department, and such employees will not be included in the class. Neither does the plaintiff share a sufficient community of interest with black supervisory personnel, and they will be excluded from the class.

■ Kroger finally argues that plaintiff is not an adequate class representative because he failed to name the union as a respondent in his E.E.O.C. charge and failed initially to make Title VII allegations against either defendant. In the circumstances of this case, the Court does not believe that these omissions are significant as far as class certification is concerned. The plaintiff is represented by experienced

Pine Bluff counsel and enjoys further representation by counsel for the N.A.A.C.P. The motion for class certification was filed less than three months after suit was filed, and the complaint has been amended to make Title VII allegations against the employer. The union will be a party defendant under § 1981 even if Title VII allegations against it are dismissed,[1] and the plaintiff's reasons for failing to name the union in the E.E.O.C. charge do not seem relevant. The plaintiff appears to have pursued discovery at a reasonable pace and thus far has given the impression that he is a competent and vigorous litigant.

In summary, it appears that plaintiff will fairly and adequately represent a class of black employees in Kroger's Pine Bluff stores who are members of the bargaining unit represented by the defendant union, and who claim the same kinds of discriminatory treatment individually claimed by the plaintiff.

## COMMONALITY

The plaintiff must show that there are questions of law and fact common to the class. This "commonality" requirement is closely related to the "adequacy of representation" requirement, and what has been said thus far is relevant to the question of commonality. The plaintiff alleges that the class has suffered several forms of discriminatory treatment on grounds of race, and the Court holds that these allegations present questions of fact and of law common to the class. No further discussion of this requirement is necessary.

## TYPICALITY

In this Circuit the typicality requirement is an important one. The class representative must identify other persons who have suffered the same or similar treatment as he allegedly suffered and who have similar grievances. *Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975); *Donaldson v. Pillsbury Co.,* 554 F.2d 825 (8th Cir. 1977). During the discovery process the plaintiff named several other black employees and former employees who are alleged to have suffered the same kinds of treatment as he alleges. For example, in response to a request that he name all persons denied "equal employment opportunities," the plaintiff gave the names and addresses of twenty-nine black persons who allegedly were forced to quit because they couldn't get full-time work. These same twenty-nine are alleged to have been discriminated against in the scheduling of hours. Seven blacks were named as having been discriminated against with regard to training opportunities. Five black persons were named as having been discriminated against with regard to promotions to management and supervisory positions. The Court further notes that thirteen other E.E.O.C. charges of race discrimination have been filed since November 24, 1975, by employees of Pine Bluff stores alleging a variety of discriminatory practices. The Court finds that the claims of the plaintiff are typical of the claims of the class.

## NUMEROSITY

The plaintiff must establish that the class is so numerous that joinder of all members is impracticable. Twenty-two of Kroger's current Pine Bluff employees are black, and the plaintiff alleges that twenty-nine have been forced to leave because they could not get full-time work. The Court therefore finds that a class of black employees and former employees who are alleged to have suffered the same forms of discriminatory treatment alleged to have been suffered by the plaintiff is so numerous that joinder of all members is impracticable.

## CONCLUSION

A class action may proceed if, in addition to meeting the prerequisites of Fed.R.Civ.P. 23(a) discussed above, one of the numerical sub-sections of 23(b) is met. Class actions in employment discrimination cases typically are brought under 23(b)(2), which reads:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

---

1. The union has not moved for dismissal.

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

In this case, although the plaintiff asks for individual damages, the primary thrust of the lawsuit is to stop the alleged discrimination against the class.

■ Two classes will be certified, one under 42 U.S.C. § 1981 and one under Title VII. This distinction should be made for several reasons. First, plaintiff must show subjective intent to discriminate in order to prevail under Section 1981. See, e. g., *Marshall v. Kirkland*, 602 F.2d 1282 at 1298–1299, (8th Cir., 1979). Second, the statutes of limitations affecting the two kinds of suits are different. The statute of limitations on Section 1981 actions in Arkansas is three years. *Martin v. Georgia-Pacific Corp.*, 568 F.2d 58, 62–64 (8th Cir. 1977). On the other hand, Title VII suits must be preceded by an EEOC charge, and the charge must be filed within 180 days of the alleged violation. 42 U.S.C. § 2000e–5(e). It is not appropriate for a Title VII class to include persons whose charges would have been time-barred at the time when plaintiff filed his charge. *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 246 (3d Cir. 1975). Third, the kinds of complaints that the Court may consider as to unnamed class members under Title VII may be different. In the case of class members who did not file a charge, the Court is limited to those issues raised by the representative party in his complaint, "together with those issues that [might] . . . reasonably be expected to grow out of the administrative investigation of their claims." *Eastland v. TVA*, 553 F.2d 364, 372 (5th Cir. 1977). It remains to be seen whether this group of issues is in fact different from the allegations of plaintiff's original Section 1981 complaint. This question, along with all others not decided in this opinion, is open for further briefing and consideration.

The following classes are therefore certified:

(1) Under 42 U.S.C. § 1981, all black employees and former employees of The Kroger Co. in Pine Bluff who claim that because of race they suffered any of the following types of discriminatory treatment after March 7, 1976, while members of the bargaining unit represented by the Retail Clerks Union, Local 1583, AFL–CIO:

(a) Discrimination in initial job assignments.

(b) Discrimination in promotions from part-time to full-time status, and in demotions from full to part-time status.

(c) Discrimination in work assignments.

(d) Discrimination in promotions to supervisory and managerial positions.

(e) Discrimination in training opportunities for important jobs, such as head stock clerk and office jobs.

(f) Discrimination in the scheduling of hours.

(2) Under Title VII, all black employees and former employees of The Kroger Co. in Pine Bluff who claim that because of race they suffered after October 1, 1976, while members of the bargaining unit represented by the Retail Clerks Union, Local 1583, AFL–CIO, any of the types of discrimination alleged in the named plaintiff's EEOC charge, or any of the types of discrimination that might reasonably have been expected to be investigated by the EEOC as a result of that charge.

The distinction between the two classes may have significance only with respect to alleged injuries between March 7 and October 1, 1976. That question may be developed further by the parties. The certification made in this opinion may be modified later by the Court, as appropriate.

IT IS SO ORDERED this 12th day of September, 1979.