**Kenneth O. NEWTON, Plaintiff,**

v.

**The KROGER COMPANY, a Corporation, and Retail Clerks Union Local 1583, AFL–CIO, a Corporation, Defendants.**

**No. PB–C–79–41.**

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Oct. 29, 1980.

**178**

Leon N. Jamison, Pine Bluff, Ark., for plaintiffs.

James M. McHaney, Sr., and James M. McHaney, Jr., Little Rock, Ark., for defendant Kroger Co.

James E. Youngdahl, Little Rock, Ark., for defendant Union.

## MEMORANDUM OPINION

ARNOLD, Circuit Judge, Sitting by Designation.

Defendant Kroger Company has filed a motion to dismiss the cross–claim of co–defendant Retail Clerks Union, Local 1583, AFL–CIO ("the union"). The cross–claim relates to the same circumstances providing the basis for an employment discrimination action initially brought against the employer and the union under 42 U.S.C. § 1981. In that action, plaintiff alleged discrimination based on race and sought back pay and injunctive relief plus punitive damages and damages for emotional distress. The complaint was later amended to add Title VII allegations. The complete facts of the original action are recounted in this Court's Opinion and Order of September 12, 1979, *Newton v. Kroger Co.*, 83 F.R.D. 449 (E.D. Ark.1979).

Kroger raises the following issues in its motion for dismissal of the union's cross–claim: (1) whether this Court has jurisdiction over the union's claims under Title VII of the Civil Rights Act of 1964; (2) whether the cross–claim fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981; (3) whether the union lacks standing to sue for injunctive relief on behalf of its members under § 1981; (4) whether the union lacks standing to assert damages claims on behalf of its members under either Title VII or § 1981; and (5) whether the cross–claim is procedurally defective.

■ On the first issue, Kroger asserts that the union's failure to receive a statutory notice of "right to sue" from the E.E. O.C. deprives this Court of jurisdiction to hear the union's cross–claim under Title VII. This contention is without merit. The statutory procedural requirements are designed to apply to plaintiffs bringing an original claim of employment discrimination. *Winfield v. St. Joe Paper Co.*, 15 FEP cases 1497, 1500 (N.D.Fla.1977). Where plaintiff has satisfied these procedural requirements, thereby giving the Court jurisdiction over the original claim, the Court may exercise ancillary jurisdiction over a cross–claim arising from the same set of circumstances. Cf. *Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977).

■ That portion of the union's cross–claim which charges the employer with sex discrimination must, however, be dismissed. The issues that may be raised in the cross–claim are limited to those that were raised by plaintiff in his E.E.O.C. charge, together with those issues that may reasonably be expected to grow out of the E.E.O.C. investigation. Cf. *Eastland v. TVA*, 553 F.2d 364 (5th Cir. 1977). Plaintiff's charge alleged only racial discrimination, and it is unlikely that the issue of an unrelated *type* of discrimination would have arisen from the investigation of the charge. See *Belcher v. Bassett Furniture Industries, Inc.*, 376 F.Supp. 593 (W.D.Va.1974); *Matyi v. Beer Bottlers Union Local No. 1187*, 392 F.Supp. 60 (E.D.Mo.1974).

Kroger also argues that the allegations of race discrimination go beyond the union's E.E.O.C. charge (which was voluntarily withdrawn) and should be dismissed. The union's charge was limited to the Pine Bluff area. As noted above, however, it is the

scope of the *plaintiff's* E.E.O.C. charge that is determinative. Plaintiff's charge was confined to the Pine Bluff, Jefferson County, Arkansas area. The scope of the union's cross–claim will be, therefore, limited to that same area.

■ Before the Court considers the next issue of whether the union's cross–claim fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981, it must first determine whether the union even has standing to sue for injunctive relief on behalf of its members under § 1981. It is well–established that an organization, even though it has suffered no injury itself, has standing to represent any of its members who "are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975); *International Woodworkers v. Georgia–Pacific Corp.*, 568 F.2d 64 (8th Cir. 1977); *Local 194, Retail, Wholesale and Dept. Store Union v. Standard Brands*, 540 F.2d 864 (7th Cir. 1976). On the basis of the applicable law, this Court finds the union does have standing as an "aggrieved person" under Title VII and § 1981 to represent its members who are victims of discrimination. *See International Woodworkers v. Georgia–Pacific Corp., supra; Local 194, Retail, Wholesale, and Dept. Store Union v. Standard Brands, supra.* Kroger also argues, however, that the union is precluded from seeking damages on behalf of its members. On this, the Court agrees. The union may only obtain injunctive relief. *Id.*

■ In its motion to dismiss the union's cross–claim for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1981, Kroger asserts that the union has failed to allege that the company's policy has been maintained with a racially discriminatory purpose. As the Court stated in its Opinion and Order of September 12, 1979, subjective intent to discriminate must be shown in order to prevail under § 1981. *Newton v. Kroger Co., supra* at 454; *see Johnson v. Hoffman*, 424 F.Supp. 490 (E.D.

Mo.1977), *aff'd sub nom. Johnson v. Alexander*, 572 F.2d 1219 (8th Cir. 1978), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978). The Court finds, however, that paragraphs 6 and 7 of the union's cross–claim allege facts sufficient to withstand Kroger's motion to dismiss. Under the liberal rules of federal pleading, a claim should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all the required elements of the cause of action are present. *Wolman v. Tose*, 467 F.2d 29 (4th Cir. 1972).

■ Finally, Kroger argues that the cross–claim is procedurally defective and should be dismissed on that basis. It is true that a cross–claim must be stated in a pleading, see Fed.R.Civ.P. 12(b) and 13(g), and the cross–claim itself is not a pleading, see Fed.R.Civ.P. 7(a). *In Re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64 (8th Cir. 1976). Since the union may assert the cross–claim only in its answer, leave of the Court is required to amend the answer. *See* Fed.R.Civ.P. 15(a). The granting of leave to amend under Fed.R. Civ.P. 15(a) is a matter within the discretion of the Court. To deny such a motion, "[t]here must be found some prejudice which would result to others if leave were to be granted". *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products*, 542 F.2d 1010, 1012 (8th Cir. 1976). In the absence of some apparent or declared reason, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Kroger has shown no prejudice to its position if leave to amend were to be granted.

The Court denies the motion of Kroger to dismiss the union's cross–claim and grants the union leave to amend its answer.