Armenta DENNIS, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Betty Kwong, and Suzann Hull, Defendants.

No. 89–CV–4120.

United States District Court,
E.D. New York.

Sept. 25, 1990.

Arthur J. Levy, Brooklyn Heights, N.Y., Michael H. Sussman, Yonkers, N.Y., for plaintiff.

Richard Schoolmann, Elkenberry, Futterman & Herbert, New York City, for defendants.

## MEMORANDUM–DECISION & ORDER

BARTELS, District Judge.

In this employment discrimination claim arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e–5 et seq., the defendants have moved for an order dismissing the plaintiff's second cause of action arising under the Age Discrimination in Employment Act of 1974. In addition the defendant has asked for Fed. R.Civ.P. Rule 11 sanctions against the plaintiff for causes of action asserted in the complaint but subsequently abandoned in the amended complaint.

### FACTS

The plaintiff in this case is a former union-represented employee with defendant Pan American World Airways, Inc. ("Pan Am"). Though she had worked for Pan Am for almost 20 years prior to her retirement, the claims she is bringing arise from the last ten months of her employment. During this time, she was working in defendant Betty Kwong's department processing worker's compensation claims. Suzann Hull, Kwong's supervisor, is also named as a defendant.

After the plaintiff's early retirement on February 1, 1988, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 17, 1988. Plaintiff was not represented by a lawyer at this time, though she had previously consulted with a lawyer on *February 22, 1988.* The intake form provided by the EEOC provides a checklist of reasons for the discrimination alleged, including race, sex, religion, national origin, age, retaliation, color and "other". Plaintiff checked the boxes marked race and color. In her affidavit submitted the same day, plaintiff set forth the specific nature of her complaint. Essentially, she alleged that Kwong discriminatorily subjected her to continuous harassment and intimidation relating to the backlog of plaintiff's work. Plaintiff alleged that of the other three workers in the office, only she was black, the other workers were white; and none of the other workers had been subjected to the same type of criticism and harassment. Plaintiff informed the EEOC in her complaint that she had retired "as a result of the unfair treatment" and that she "had planned to retire in 1989, upon completion of [her] 20th anniversary year. Due to the unfair treatment, [she] was forced to leave earlier, losing [her] traveling benefits."

Plaintiff first met with her present attorney on *June 8, 1989,* to discuss her case. On *September 1, 1989,* plaintiff's counsel wrote to the EEOC requesting that they issue a right to sue letter on plaintiff's behalf. This letter did not seek to amend the original complaint by adding an age discrimination claim. Without conducting an investigation of the claim, the EEOC issued a right to sue letter on September 8, 1989.

The plaintiff then filed a complaint in this Court asserting not only the race discrimination claim expressly brought to the EEOC's attention, but also an age discrimination claim pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–624 and 28 U.S.C. §§ 1331, 1343(a)(4); a claim under the New York Human Rights Law, Executive Law, § 297(9); and various pendent state tort law actions which can be characterized as intentional or negligent infliction of emotional distress.

The defendants now move to dismiss the ADEA claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). In addition, they move to dismiss the state tort claims on two grounds. First, they claim these claims have been preempted by the Railway Labor Act; second, they contend that they fail to state a claim as a matter of law and should therefore be dismissed under Fed.R.Civ.P. 12(b)(6). In connection with their motion to dismiss, the defendants have also requested that sanctions be imposed on the plaintiff's attorney pursuant to Fed.R.Civ.P. 11. In response, the plaintiff opposes the dismissal of the ADEA claim and cross-moves to amend her complaint pursuant to Fed.R. Civ.P. 15(a). In her proposed amended complaint, the plaintiff has eliminated the state tort causes of action. Thus, the questions presented to the Court are whether the Court has subject matter jurisdiction over the ADEA claim, and whether Rule 11 sanctions should be imposed upon plaintiff's attorneys for asserting the state tort causes of action in the original complaint.

### I. Age Discrimination Claim

Generally, the timely filing of an ADEA action with the EEOC is a jurisdictional condition precedent to the filing of a suit in federal court. *McPartland v. American Broadcasting Co., Inc.*, 623 F.Supp. 1334, 1339 (S.D.N.Y.1985). Under 42 U.S.C. § 2000e–5(e), the time for filing an EEOC complaint is within 180 days of the alleged unlawful employment practice. Under limited circumstances, a claimant will be allowed to amend her EEOC complaint to cure technical defects or omissions, and this amendment will relate back to the date of the original filing. *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir.1985). In deciding whether to allow amendment, a court will look to see whether the additional claim sought to be asserted can reasonably be expected to grow out of the charge of which the EEOC was made aware. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir.1978); *Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090 (2d Cir.1979), *rev'd on*

*other grounds*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

For example, in *Lamont v. Forman Bros., Inc.*, 410 F.Supp. 912 (D.D.C.1976), the plaintiff filed a claim with the EEOC claiming that he was discriminated against on the basis of his race when he was terminated from and his job was replaced by a white man. In his subsequent lawsuit, the plaintiff tried to bring a claim of discrimination based on religion. The court refused to hear this claim because it found that the religion claim could not reasonably be expected to grow out of the EEOC investigation of the race claim, and that his allegation provided no basis for a claim of discrimination based on factors other than race or color. *Lamont*, 410 F.Supp. at 917. Likewise, in *Newton v. Kroger*, 501 F.Supp. 177 (E.D.Ark.1980), the court found that the plaintiff had only alleged racial discrimination and that it was unlikely that a sex discrimination claim would have arisen from the investigation of that charge. *Newton*, 501 F.Supp. at 178.

There are, however, a number of cases where a plaintiff was allowed to bring a claim other than that originally filed with the EEOC. For instance, in *Avagliano v. Sumitomo Shoji America*, 614 F.Supp. 1397 (S.D.N.Y.1985), the plaintiff was allowed to bring a race discrimination charge when she had originally asserted only national origin and sex discrimination claims to the EEOC. *Avagliano*, 614 F.Supp. at 1404. The court found that the race discrimination claim was merely a refinement of the national origin claim, and that the two claims are identical in kind. *Id.* at 1403.

Nevertheless, the courts in this circuit have been reluctant to hear claims that were not originally filed with the EEOC. Furthermore, they have not been willing to afford a claimant's original filing such broad interpretation that virtually any type of alleged discrimination can be included in a subsequent lawsuit. *See, e.g., Kawatra v. Medgar Evers College of the City of New York*, 700 F.Supp. 648 (E.D.N.Y.1988); *Littman v. Firestone Tire & Rubber Co.*, 709 F.Supp. 461, 467 (S.D.N.Y.1989);

*McPartland v. American Broadcasting Cos., Inc.*, 623 F.Supp. 1334, 1339 (S.D.N.Y. 1985).

Initially the Court notes that this case is distinguishable from cases which find that a national origin claim may be reasonably related to race or religion claims. *See, e.g., Kahn v. Pepsi Cola Bottling Group*, 526 F.Supp. 1268, 1270 (E.D. N.Y.1981) (Nickerson, J.). Race, or even religion, may sometimes be correlated with national origin because of certain historical or demographic facts. However, plaintiff does not even attempt to explain why race discrimination and age discrimination are likely to go hand-in-hand. Therefore, there is no reason to expect that reasonable EEOC investigations into garden variety race claims will result in the addition of age discrimination claims as a matter of course.

Moreover, the facts given by plaintiff to the EEOC in her race claim were not sufficient to apprise the EEOC that a possible age claim was also lurking in the case. When plaintiff filed her original complaint with the EEOC on March 17, 1988, she indicated only that she had been discriminated against on the basis of race and color. Her detailed affidavit fully describes the alleged *racially* discriminatory circumstances and working conditions which led to her early retirement. At no time, either in this affidavit or in any subsequent amendments to the EEOC complaint, did she claim that she was discriminated against because of her age. Although she was not accompanied by a lawyer at the time she filed the complaint, she had previously consulted an attorney regarding this matter, and in plaintiff's papers in this case she admits that the subject of age discrimination was never brought up. The Court therefore finds that the age discrimination claim was not implicitly contained in plaintiff's race discrimination charges made to the EEOC, and the allegation that plaintiff retired earlier than she would have because of *racial* discrimination does not *ipso facto* raise an inference of age discrimination. Merely breathing the phrase "early retirement" does not alert the EEOC that it should investigate a possibility of age discrimination. The attempt to assert an age discrimination claim at this stage of the litigation appears to be nothing more than post-hoc "creative lawyering." Accordingly, the age discrimination cause of action does not relate back to the date of the original filing and is hereby dismissed.

## II. Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides that sanctions *"shall"* be imposed by the Court if an attorney files a pleading that is not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Fed.R.Civ.P. 11 (emphasis added). The rule imposes an affirmative duty on lawyers to conduct a "reasonable inquiry into the viability of a pleading before it is signed." *International Shipping v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir.1989). Whether an adequate investigation into the law has been made is judged under a standard of objective reasonableness. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985)—that is, Rule 11 sanctions are required if a reasonable pre-filing inquiry by a lawyer would lead to the conclusion that a claim had no chance of success. *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir.1990).

In the plaintiff's original complaint, she asserted various common law tort claims which she subsequently withdrew in her amended complaint once defendants' motion to dismiss had been filed. It should first be noted that the Supreme Court has recently decided that voluntary dismissal cannot stave off warranted sanctions. *Cooter & Gell v. Hartmarx Corp.*, — U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

The law is well-settled that state law torts arising from employment-related disputes in the airline industry have been preempted by the Railway Labor Act ("RLA") adjustment board procedures (45 U.S.C. § 151 *et seq.*), and a reasonable pre-

filing inquiry into this matter by plaintiff's attorney would have revealed the law in this area. *See Campbell v. Pan American World Airways,* 668 F.Supp. 139 (E.D.N.Y. 1987); *Independent Union of Flight Attendants v. Pan American World Airways,* 789 F.2d 139, 141 (2d Cir.1986).[1] Additionally, plaintiff's attorney made no reasonable argument for the extension, modification or reversal of the law as it currently stands. Thus, the Court finds Rule 11 sanctions to be appropriate in this case regarding the state law tort claims, i.e. the fourth and fifth causes of action in plaintiff's original complaint.

■ Sanctions, however, will not be imposed with regard to plaintiff's second cause of action, i.e., the age discrimination claim. The duty to conduct a reasonable pre-filing inquiry into the law does not require that the signer ultimately be proved correct in his view of the law. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986); *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1127 (5th Cir. 1987). Given that there are some situations where an amendment will be held to relate back to the date of the original filing of the EEOC complaint, it is possible that a reasonable attorney would have believed that the age discrimination claim would not be dismissed.

Upon the filing of an affidavit with the Court detailing the time and costs expended by defendants' attorney in defending against and moving to dismiss the fourth and fifth causes of action in plaintiff's original complaint, the Court will determine the appropriate sanctions against the plaintiff's attorney.

## CONCLUSION

In light of the foregoing, the plaintiff's cause of action under the Age Discrimination in Employment Act is DISMISSED; and sanctions pursuant to Fed.R.Civ.P. 11

are GRANTED to defendant, the amount of which to be determined upon application.

SO ORDERED.

---

1. Other circuits have also recognized that this type of state law tort claim is preempted by the RLA adjustment board procedures. *See Edelman v. Western Airlines,* 892 F.2d 839 (9th Cir. 1989); *Fisher v. Hertrich,* 680 F.Supp. 1250, 1252 (N.D.Ill.1988); *Gregory v. Burlington Northern R.R. Co.,* 638 F.Supp. 538 (D.Minn.1986), *aff'd,* 822 F.2d 1092 (8th Cir.1987).